ODOM *v.* STATE.*

(Division A. February 16, 1925.)

[102 So. 835. No. 24312.]

1. CRIMINAL LAW. *Nolle prosequi may be allowed to one or more of several counts of indictment, or to part of count on indictment which is divisible or which charges offense embracing another in itself.*

    A *nolle prosequi* may be allowed as to one or more of the several counts of an indictment, or to part of a count or indictment which is divisible, or which charges an offense which in itself embraces another.

2. CRIMINAL LAW. *Nolle prosequi for felony charged by indictment for passing worthless check for more than twenty-five dollars disposes of entire indictment.*

    Under chapter 173, Laws of 1922, making it a felony for any person to make, utter, and deliver a worthless check for the sum of twenty-five dollars or more, an indictment charging the passage of a worthless check for the sum of fifty-five dollars is not divisible, and a *nolle prosequi* of the felony charged disposes of the entire indictment.

---

*Headnotes 1. Criminal Law, 16 C. J., section 787; 2. Criminal Law, 16 C. J., section 787.

Appeal from circuit court of Wayne county.

Hon. C. C. Miller, Judge.

D. C. Odom was convicted of passing a worthless check for more than twenty-five dollars, and he appeals. Reversed, and appellant discharged.

*E. C. Fishel,* for appellant.

Defendant was indicted for a felony, which was not divisible, his bond was forfeited, and then the district attorney, according to the record, *nolle prossed* the felony, as shown by the following order. "Upon motion of the district attorney, and by consent of the court, this case was *nolle prossed* as to felony, and tried as misdemeanor."

The case then proceeded to trial with no appearance being made for the defendant, and a jury was empaneled, which heard the testimony, both competent and incompetent, and after being instructed returned a verdict of "guilty," when the defendant, in his absence, was sentenced to pay a fine of five hundred dollars, and sentenced to jail for ninety days.

There are five assignments of error, all of which practically go to the one proposition of the court having permitted the district attorney to enter a *nolle prosse* herein, in the absence of the defendant, and on a crime which was a felony, and by the very nature of which was not divisible. "*Nolle Prosequi* has been defined as an entry made on the record, by which the prosecutor or plaintiff declares that he will proceed no further; a formal entry upon the record by the prosecuting officer, by which he declares that he will not prosecute the case further, either to some of the counts of the indictment, or as to part of a divisible count, or as to some of the defendants, or altogether." 16 C. J. 432, par. 778. "A *nolle prosequi,* in criminal practice (for it pertains also to civil) is a declaration of record from the legal representative of the government that he will no further prosecute the

particular indictment or some designated part thereof."
Bishop's New Criminal Procedure, par. 1387, p. 843.

From the foregoing definition it will be seen that the
writer of Corpus Juris, says that it would be applicable
to a part of an indictment only where the nature of the
crime was divisible. The author, using the phrase, "Or
to part of divisible count," and it will be remembered
that the present indictment contained only the one count.

Again, in 16 C. J. 436, par. 787, we find the following
language: "Allowance as to One of Several Indictments
of Counts, or as to Part of Count. In General. A *nolle
prosequi* may be allowed as to one of two indictments, or
as to one or more of the several counts of indictment, or
to part of a count or indictment which is divisible, or
which charges an offense which in itself embraces an-
other. It may be entered at any time pending plea in
abatement, demurrer, motion to quash, or motion in ar-
rest of judgment." The author says it is applicable to
only a part of a count which is divisible, and cites a great
number of cases of other states thereunder.

That we may see whether or not the count is divisible,
let us turn to the act itself, under which this defendant
was tried, which was chapter 173, Laws of 1922. The
reading of this statute shows that the offense is not di-
visible, neither is the count of the indictment, under which
the offense is prosecuted, divisible. This is a statutory
and not a common-law action, and must be strictly con-
strued.

It will be noted from the record that the defendant in
this case was charged with a felony, was not in custody
and even though the district attorney had a right to *nolle
prosse* the case, none of the provisions whereby they
could try him on the misdemeanor obtained. This statute
was not meant to limit the rights of the defendant, but
granted him the privilege of waiving his presence.
*Thomas* v. *State,* 117 Miss. 532, 78 So. 147; *Bell* v. *State,*
66 Miss. 192.

The defendant in this case had a right to be arraigned,
and to be given an opportunity to plead. *Cachut* v. *State,*

50 So. 165; *Bateman* v. *State*, 64 Miss. 223. "The district attorney would have the right to enter a *nolle prosse*, perhaps in the absence of the accused, if not to his prejudice, but the effect of it on an indictment containing only one count not divisible, would be a final disposition of the entire case, and the defendant could not again be tried on this indictment, although same would not be a bar to a new indictment, based on the same state of facts." 16 C. J. 432, par. 779; Bishop's New Criminal Law, par. 1394.

It was never contemplated that *nolle prosse* would be used to one part of an indictment containing only one count, except in cases where the count is divisible, such as cases charging assault with intent or attempt cases, or in that class of cases where the crime itself when completed be a felony, contained some preliminary steps which were within themselves misdemeanors, for instance, in cases not amounting to larceny, where there might be a trespass committed. The legislature has differentiated this latter class of cases by statutory enactment. In the instant case the district attorney could not by he use of the *nolle prosse*, say: "I have changed the reading of the check from fifty-five dollars to less than twenty-five dollars." And if he did, he would certainly be required to name the amount of dollars, and when he had done this, then his proof would not and did not correspond to his allegations.

We submit that this case should be reversed and the defendant discharged.

*Rush H. Knox*, Attorney-General, for the state.

While it is true if the defendant was charged with a misdemeanor, and he has entered into bond as provided by law for his appearance upon said court, that a hearing of his case may be tried in his absence if he fails to appear after a forfeiture has been taken upon his bond, yet I know of no law that would permit the court to dismiss the only charge against him and then proceed to

try him on some unknown charge in his absence without notice to the defendant.

I respectfully submit the case to the consideration of this court.

COOK, J., delivered the opinion of the court.

In the circuit court of Wayne county, the appellant was indicted for unlawfully, feloniously, and fraudulently making, uttering, issuing, and delivering a worthless check for the sum of fifty-five dollars. This indictment was based upon chapter 173 of the Laws of 1922, which provides that any one violating the provisions of the act "shall be guilty of a misdemeanor, if the amount of the check, draft or order be under twenty-five dollars, . . . and if the amount of the check, draft or order shall be twenty-five dollars ($25) or more, he shall be guilty of a felony and on conviction shall be imprisoned in the penitentiary not less than six months nor more than two years," etc. At the January, 1924, term of the court the case was called for trial, and the defendant failing to appear a forfeiture was taken upon his appearance bond, and the following order was entered on the minutes of the court:

"Upon motion of the district attorney, and by consent of the court, this case was *nolle prossed* as to felony and tried as misdemeanor."

Thereupon the trial proceeded in the absence of the defendant, and the jury returned a verdict of "guilty as charged," upon which the court imposed a penalty of five hundred dollars and a jail sentence of thirty days, and from this conviction and sentence this appeal was prosecuted.

The authorities establish the general rule that a *nolle prosequi* may be allowed as to one or more of the several counts of an indictment, or to part of a count or indictment which is divisible, or which charges an offense which in itself embraces another (16 C. J. 436); but this

rule does not support the action of the court in the present case. The legislature has definitely fixed the grade of the offense by expressly providing that if the amount of the worthless check passed is twenty-five dollars or more the offense shall be a felony, punishable only by imprisonment in the state penitentiary. There is not the slightest uncertainty as to the amount of the check here involved. The indictment charged that the amount of the check was fifty-five dollars while the proof upon which the conviction rests establishes that fact. The offense charged was not divisible, and the grade thereof is fixed absolutely by the statute creating the offense. The only offense charged, or chargeable upon the facts, was a felony, and when the court upon the motion of the district attorney entered a *nolle prosequi* of this felony, there was no indictment left upon which the prosecution could proceed. The judgment of the court below will, therefore, be reversed, and the appellant discharged.

*Reversed and appellant discharged.*